UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                              CRIMINAL NO. 3:24-CR-63-DPJ-LGI

LESTER LANDRUM

ORDER

Lester Landrum was indicted under 18 U.S.C. § 922(g)(1) for allegedly possessing a firearm as a felon. He now moves [22] to dismiss that count arguing that § 922(g)(1) is unconstitutional. The Court denies his motion.

I.   Background

The grand jury indicted Landrum in July 2024 for possession of cocaine with intent to distribute and for possession of a firearm by a felon. Landrum concedes the Government "has produced evidence" of three prior felony convictions in Mississippi: two drug convictions and one conviction for felony DUI. Mot. [22] at 2 (not conceding priors as facts).

II.  Standard

Landrum brings his motion under Federal Rule of Criminal Procedure 12(b)(1) which says "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

III. Discussion

Landrum brings four arguments. According to him, the § 922(g)(1) charge must be dismissed because that statute (1) violates the Second Amendment both facially and as applied to him; (2) violates his Fifth Amendment rights to equal protection and due process; (3) is void for

vagueness; and (4) is "an unconstitutional extension of Congress's authority under the Commerce Clause." Mot. [22] at 1–2.

This Court has already rejected a Second Amendment challenge to § 922(g)(1), *United States v. Hembree*, No. 3:22-CR-76-DPJ-LGI (S.D. Miss. Dec. 1, 2023), and incorporates its reasoning and holding here. This Order addresses arguments Landrum makes that were not raised in *Hembree*.

**Second Amendment.** Landrum concedes his facial challenge is foreclosed by *United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024) (rejecting facial challenge; applying *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024)). But for his as-applied challenge, he tries to distinguish *Diaz* (where the predicate felony was vehicle theft) by arguing his prior felonies were not crimes treated as felonious when the Second Amendment was enacted. Mot. [22] at 12–13.

The Government responds by analogizing drug possession to possessing contraband, a Founding-era felony. Resp. [23] at 6. And though Landrum faults the Government for citing no specific Founding-era contraband statute, Reply [24] at 5, such statutes existed, *United States v. Wilson*, No. CR 22-238, 2024 WL 4436637, at *4 (E.D. La. Oct. 6, 2024). Other courts have adopted the Government's analogy, as will this Court. *See Wilson*, 2024 WL 4436637, at *4; *United States v. Sampson*, No. CR-24-266, 2024 WL 4418299, at *4 (D. Ariz. Oct. 4, 2024); *United States v. Palmer*, No. CR 22-282, 2024 WL 3052096, at *3 (D.N.J. June 18, 2024).

**Fifth Amendment equal protection.** Landrum says § 922(g)(1) violates his right to equal protection. Mot. [22] at 16–17. As the Government notes, the Fifth Circuit rejected this argument in *United States v. Darrington*, 351 F.3d 632, 634–35 (5th Cir. 2003). And though *Diaz* abrogated *Darrington*, the Government argues that "*Diaz* does not discuss, much less

2

revive, an Equal Protection claim." Resp. [23] at 14. That seems to track a recent unpublished Fifth Circuit opinion rejecting an equal-protection challenge to § 922(g)(1) despite *Diaz*. *See United States v. Howard*, No. 24-40033, 2024 WL 4449866, at *2 (5th Cir. Oct. 9, 2024) (unpub.) (declining to treat *Darrington* as overruled absent an en banc (or Supreme Court) decision expressly doing so).

Even without *Darrington*, the Government quotes the holding in *United States v. Locket*: "*Bruen* changed the scrutiny of laws regulating protected conduct, but it did not disturb the holding that felons lack Second Amendment rights. Section 922(g)(1) cannot be said to unevenly burden Second Amendment rights that do not exist." Resp. [23] at 14 (quoting *United States v. Locket*, Cr. No. H-22-72, 2023 WL 5153549, at *5 (S.D. Tex. Aug. 10, 2023)). That makes sense, and other courts have adopted *Locket*'s reasoning. *See United States v. Goss*, No. 4:24-CR-7-MPM-JMV, 2024 WL 2959839, at *1 (N.D. Miss. June 12, 2024); *United States v. Clark*, No. 3:24-CR-49-KHJ-LGI, 2024 WL 2963785, at *1 (S.D. Miss. June 12, 2024). So too here.

***Fifth Amendment due process.*** Although Landrum points out that the Government does not directly rebut his argument, Reply [24] at 11, that argument is based on Justice Thomas's *Rahimi* dissent. Mot. [22] at 17 (citing 144 S. Ct. at 1930 (Thomas, J., dissenting)). That authority is too thin to declare § 922(g)(1) unconstitutional. And, as the Government explains, there is a statutory way to petition for relief. Resp. [23] at 13–14. *See United States v. Garner*, No. 24-13-CR-W, 2024 WL 4273835, at *5 (W.D. Mo. Aug. 19, 2024) (recommending rejection of due-process challenge to § 922(g)(1)), *report and recommendation adopted*, No. 4:24-CR-13, 2024 WL 4272734 (W.D. Mo. Sept. 23, 2024).

*Void for vagueness.*  Landrum argues § 922(g)(1) is unconstitutionally vague because the Supreme Court's historical-tradition test in *Bruen* makes it impossible for the public to know in advance what prohibitions are invalid.  Mot. [22] at 18–19.  But he provides no authority holding that a statute is void for vagueness because the Supreme Court may one day change the law, especially when § 922(g)'s prohibitions have been well known and upheld for "more than 20 years."  Resp. [23] at 16.  This argument lacks merit.

*Commerce Clause.*  Finally, Landrum concedes his Commerce-Clause challenge is foreclosed by *United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996).  Mot. [22] at 19.  The Court thus need not address his arguments, which are for the Fifth Circuit to consider should Landrum appeal.

IV. Conclusion

The Court has considered all arguments presented.  Any not specifically addressed here would not affect the outcome.  Landrum's motion [22] to dismiss count two of his indictment is denied.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2024.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
